IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: _____

UNITED CANNABIS CORPORATION
a Colorado Corporation

Plaintiff,

v.

PURE HEMP COLLECTIVE INC.,
a Colorado Corporation

Defendant.

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff United Cannabis Corporation ("UCANN") files this complaint for patent infringement against Defendant Pure Hemp Collective Inc. ("Pure Hemp") and, in support thereof, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. UCANN, a biotechnology company specializing in the development of cannabis as a medicine, owns and has the right, title, and interest in and to "Cannabis extracts and methods of preparing and using same," patent registered with the United States Patent and Trademark Office as U.S. Patent No. 9,730,911 ("the '911 Patent"). The '911 Patent claims various liquid formulations of highly enriched extracts of plant cannabinoids.

1.

3. Defendant Pure Hemp is a wellness company that makes, markets, and sells a variety of cannabis products. Upon information and belief, some of these products are comprised of cannabinoid formulations identical to the inventions claimed in the '911 Patent. By making, using, offering to sell and selling these products, Pure Hemp has infringed and continues to infringe one or more claims of the '911 Patent at least by making, using, selling, and/or offering to sell their cannabis products in the United States, including in this District.

## THE PARTIES

4. Plaintiff UCANN is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 301 Commercial Rd., Suite D, Golden, Colorado 80401-5646.

5. Defendant Pure Hemp is a corporation organized and existing under the laws of the State of Colorado, with operations located at 30403 Kings Valley Dr., Suite 1-115, Conifer, Colorado 80403 and a principal office address and registered agent address located at 768 S. Fairplay Court, Aurora, Colorado 80012.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action under Title 28 United States Code, §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Pure Hemp because Pure Hemp has its principal place of business in Colorado, is incorporated in Colorado, has committed infringing acts in Colorado and engages in business activities that constitute substantial or continuous and systematic contacts with the State of Colorado.

8. Venue is proper in this District under Title 28 United States Code § 1400(b).

## FACTUAL BACKGROUND

9. UCANN is a biotechnology company dedicated to the development of phytocannabinoid-based therapeutic products supported by proprietary and patented technologies for the pharmaceutical, medical, and industrial markets. Phytocannabinoids are cannabinoids, a diverse class of chemical compounds containing cannabinol, that occur naturally in the cannabis plant. Phytocannabinoid therapies treat an array of conditions and diseases by imitating compounds in the human body that mediate communication between cells.

10. UCANN, through its executives, have been involved with medical cannabis for almost two decades. In recent years, UCANN has developed proprietary liquid formulations of highly enriched extracts of plant cannabinoids. The technology includes the use of suspending both phytocannabinoids and cannabinoids with or without specific combinations of cannabis-derived terpenes, the fragrant oils that give cannabis its aromatic diversity.

11. An array of delivery methods, including capsule, sublingual, topical, oral, suppository, and vaporization, can be used to administer the formulations. The technology has application in a wide variety of phytotherapeutic products with applications in the medical, pharmaceutical and industrial markets. So far, one patent, the '911 Patent, has issued from these innovations.

### The '911 Patent

12. On August 15, 2017, the United States Patent and Trademark Office duly and legally issued the '911 Patent, entitled "Cannabis extracts and methods of preparing and using same," to inventors Tony Verzura, UCANN's Chief Technologies Officer, and Earnie Blackmon, UCANN's Chief Executive Officer. Mr. Verzura and Mr. Blackmon legally assigned the '911 Patent to UCANN. A copy of the '911 Patent is attached as Exhibit A.

13. The '911 Patent was filed on October 21, 2015 as U.S. Patent Application No. 14/919,245 and claims priority to provisional application no. 62/066,795 filed on October 21, 2014 and provisional application no. 62/068,278 filed on October 24, 2014.

14. The '911 Patent is valid and enforceable under United States Patent Laws.

15. The '911 Patent claims various liquid cannabinoid formulations, with or without specific terpene profiles, including formulations wherein at least 95% of the total cannabinoids is cannabidiol (CBD). CBD is not psychoactive. These formulations are useful in alleviating the symptoms of chronic pain, paralysis, neuropathy, Crohn's Disease, IBS, glaucoma, PTSD, anxiety, seizures, epilepsy, autoimmune disorders, autism, tumors, and cancer.

16. With its patented technology, UCANN has developed the Prana Bio Nutrient Medicinals line. Following the issuance of the '911 Patent, UCANN has marked its Prana Bio Nutrient products with the '911 Patent.

17. The Prana Bio Nutrient Medicinals line consists of a variety of products divided into 5 categories with specific cannabinoid ratios and terpene profiles. This award-winning product line offers physicians and patients the ability to mix-and-match cannabinoids to better target particular medical conditions. The product line has enjoyed great medical success with observational data from more than 15,000 patients to date showing the products are safe and effective.

18. The medical and regulatory community has recognized that the non-intoxicating components of the cannabis plant can have substantial therapeutic benefits. The U.S. Food and Drug Administration (FDA) approved a cannabis-based drug for the first time in June 2018. Like UNCANN's Prana Bio products, the newly-approved drug, Expidiolex, utilizes CBD, a non-psychoactive cannabinoid that is incapable of inducing the "high" traditionally associated

with marijuana.  In the course of its review of the drug, the FDA's Controlled Substance Staff evaluated the abuse risk associated with CBD and "concluded that CBD has a negligible abuse potential."  https://www.fda.gov/downloads/advisorycommittees/committeesmeetingmaterials/-drugs/peripheralandcentralnervoussystemdrugsadvisorycommittee/ucm604736.pdf.  Specifically, the FDA found that CBD:  (a) "does not bind to cannabinoid receptors" associated with drugs of abuse, (b) "does not produce overt behaviors similar to those produced by drugs of abuse," and (c) "does not have rewarding properties like many known drugs of abuse."  *Id.*

19.  Following the FDA's approval of the first cannabinoid-based drug, the U.S. Drug Enforcement Agency (DEA) has decided to readdress its classification of cannabis.  A spokesperson for the agency told Business Insider that the DEA was on its way to reclassifying CBD as a Schedule II or Schedule III drug.  *See* http://www.businessinsider.com/marijuana-epilepsy-drug-approved-fda-2018-5.  Unlike Schedule I drugs that have no medical use, Schedule II and Schedule III drugs are considered medically acceptable to treat certain conditions.  The reclassification of CBD will likely occur by the end of September 2018.

### Pure Hemp's Willful Infringement

20.  Pure Hemp makes, uses, offers to sell, and sells a range of wellness products containing cannabis extracts, including tinctures, gel capsules, vape pens, salves, and topical ointments.  Some of these products include added plant terpenes to enhance the effectiveness of the products.

21.  Pure Hemp advertises and sells its products on its website, https://purehempcollective.com/.  Other retailers, such as CBD.co Marketplace and Integra CBD Products, also advertise and sell Pure Hemp Collective products.

22.  UCANN purchased Pure Hemp's Vina Bell 5000mg product and ran chemical composition tests on it to determine whether the cannabinoid formulations within the product are

covered by the '911 Patent. The analysis revealed that the product contains a cannabinoid formulation that directly infringes one or more claims of the '911 Patent, including exemplary claim 10: "A liquid cannabinoid formulation, wherein at least 95% of the total cannabinoids is cannabidiol (CBD)." Specifically, the Vina Bell 5000mg product contains a cannabinoid formulation wherein at least 95% of the total cannabinoids is CBD. Pure Hemp sells other cannabis products with similar cannabinoid compositions that infringe other claims of the '911 patent.

23. On May 7, 2018, after confirming Pure Hemp's infringement of the '911 Patent, UCANN sent Pure Hemp a letter informing the company of UCANN's ownership of the '911 Patent and offering it the opportunity to engage in licensing discussions.

24. Despite its actual knowledge of the '911 Patent, Pure Hemp continues to advertise, promote, and sell infringing products.

## COUNT I -- PATENT INFRINGEMENT

25. UCANN realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. UCANN owns all right, title, and interest in and to "Cannabis extracts and methods of preparing and using same," an invention registered with the United States Patent and Trademark Office as U.S. Patent No. 9,730,911.

27. The '911 Patent's underlying invention is primarily directed to various liquid formulations of highly enriched extracts of plant cannabinoids.

28. Pure Hemp has directly infringed, and has induced others to infringe, one or more claims of the '911 Patent either literally or under the doctrine of equivalents under 35 U.S.C. §

271, by making, using, offering to sell, selling, importing, or exporting the Vina Bell products and other products containing similar cannabinoid compositions.

29. Pure Hemp continues to directly infringe and induce others to infringe either literally or under the doctrine of equivalents one or more claims of the '911 Patent.

30. Before the filing of this suit, Pure Hemp was aware of the '911 Patent. Pure Hemp was placed on constructive notice of the '911 Patent at least as of September 2016 when UCANN began marking its products with the '911 Patent information, and received actual notice by letter on or about May 7, 2018.

31. Upon Pure Hemp gaining actual knowledge of the '911 Patent, it was apparent to Pure Hemp that the sale and offer for sale of its cannabis products, including but not limited to its Vina Bell products, and other products containing similar cannabinoid compositions, infringed the '911 Patent.

32. Despite Pure Hemp's gaining knowledge of the '911 Patent, Pure Hemp has continued its willful, deliberate, and intentional infringement of one or more claims of the '911 Patent at least by making, using, offering for sale, selling, importing or exporting the Vina Bell products and other products containing similar cannabinoid compositions in reckless disregard of the claims of the '911 Patent and of UCANN's rights therein.

33. Pure Hemp has acted despite an objectively high likelihood that its actions constitute infringement of the '911 Patent. In addition, the risk of infringement was either known by Pure Hemp or so obvious to it that the risk should have been known to Pure Hemp.

34. UCANN has suffered damages including lost sales, lost market share, and lost goodwill as a result of Pure Hemp's infringement of the '911 Patent and will suffer additional damages as a result of Pure Hemp's continuing infringement. UCANN is entitled to recover

damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty, together with interest and costs.

35. For ongoing and future infringement, UCANN will continue to suffer irreparable harm unless this Court enjoins Pure Hemp, its agents, employees, representatives, and all others acting in concert with Pure Hemp from infringing the '911 Patent.

## REQUEST FOR RELIEF

WHEREFORE, UCANN respectfully requests the following relief:

A. A permanent injunction against Pure Hemp, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '911 Patent;

B. A judgment holding Pure Hemp liable for infringement of the '911 Patent;

C. An accounting for damages resulting from Pure Hemp's infringement of the '911 Patent, and an award of damages adequate to compensate UCANN for Pure Hemp's past infringement, together with pre-judgment and post-judgment interest;

D. A judgment holding that Pure Hemp's infringement of the '911 Patent is willful, and a trebling of damages pursuant to Title 35 United States Code § 284;

E. A judgment holding this Action an exceptional case, and an award to UCANN for its attorneys' fees and costs pursuant to Title 35 United States Code § 285;

F. Should Pure Hemp contend the '911 Patent is invalid or unenforceable, a judgment holding that the '911 Patent is not invalid and not unenforceable; and

G. Such other relief as the Court deems just and equitable.

Dated: July 30, 2018

Respectfully submitted,

*/s/ Orion Armon*

Orion Armon (34923)
COOLEY LLP
380 Interlocken Crescent Suite 900
Broomfield, CO 80021-8023
oarmon@cooley.com
Telephone: (720) 566-4000
Fax: (720) 566-4099

*Counsel for United Cannabis Corporation*

## DEMAND FOR JURY TRIAL

Plaintiff UCANN respectfully requests a trial by jury on all issues triable thereby.

Dated:  July 30, 2018

Respectfully submitted,

*/s/ Orion Armon*

Orion Armon (34923)
COOLEY LLP
380 Interlocken Crescent Suite 900
Broomfield, CO 80021-8023
oarmon@cooley.com
Telephone: (720) 566-4000
Fax: (720) 566-4099