# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No: 1:18-cv-01922-WJM-NYW

UNITED CANNABIS CORPORATION
a Colorado Corporation

Plaintiff,

v.

PURE HEMP COLLECTIVE INC.
a Colorado Corporation

Defendant.

## DEFENDANT'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Pure Hemp Collective ("Pure Hemp") hereby answers the Complaint (the "Complaint") filed by Plaintiff United Cannabis Corporation ("UCANN"), by and through their undersigned counsel of record, as stated below and asserts the following defenses. Pure Hemp denies all allegations in the Complaint whether express or implied, that are not specifically admitted below. Pure Hemp further denies that UCANN is entitled to the relief requested in the Complaint, or to any other relief.

## RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE ACTION

1.   Pure Hemp states that paragraph 1 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 1.

2. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 2 of the Complaint. On that basis, the allegations contained in paragraph 2 of the Complaint are denied.

3. Pure Hemp admits that it is a wellness company that makes, markets and sells a variety of products. Pure Hemp denies the remainder of paragraph 3 of the Complaint.

**RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

4. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 4 of the Complaint. On that basis, the allegations contained in paragraph 4 of the Complaint are denied.

5. Pure Hemp admits the allegations contained in paragraph 8 of the Complaint.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

6. Pure Hemp states that paragraph 6 of the Complaint contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 6 of the Complaint.

7. Pure Hemp states that paragraph 7 of the Complaint contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 7 of the Complaint.

8. Pure Hemp states that paragraph 8 of the Complaint contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 8 of the Complaint.

## RESPONSE TO ALLEGATIONS REGARDING FACTUAL BACKGROUND

9. Pure Hemp admits that cannabinoids occur naturally in the cannabis plant. Pure Hemp is without sufficient information to confirm or deny the remaining allegations contained in paragraph 9 of the Complaint. On that basis, the allegations contained in paragraph 9 of the Complaint are denied.

10. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 10 of the Complaint. On that basis, the allegations contained in paragraph 10 of the Complaint are denied.

11. Pure Hemp admits that the '911 Patent has issued, but is without sufficient information to confirm or deny the remaining allegations contained in paragraph 11 of the Complaint. On that basis, the remaining allegations contained in paragraph 11 of the Complaint are denied.

12. Pure Hemp states that the '911 Patent speaks for itself, but is invalid and not infringed. Pure Hemp denies all other allegations in paragraph 12 of the Complaint.

13. Pure Hemp states that the '911 Patent speaks for itself, but is invalid and not infringed. Pure Hemp denies all other allegations in paragraph 12 of the Complaint.

14. Pure Hemp denies the allegations in paragraph 14 of the Complaint.

15. To the extent paragraph 15 contains legal conclusions regarding the scope of the claims of the '911 Patent, no response is required. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 15 of the Complaint. On that basis, the allegations contained in paragraph 15 of the Complaint are denied.

16. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 16 of the Complaint. On that basis, the allegations contained in paragraph 16 of the Complaint are denied.

17. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 17 of the Complaint. On that basis, the allegations contained in paragraph 17 of the Complaint are denied.

18. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 18 of the Complaint. On that basis, the allegations contained in paragraph 18 of the Complaint are denied.

19. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 19 of the Complaint. On that basis, the allegations contained in paragraph 19 of the Complaint are denied.

**RESPONSE TO ALLEGATIONS REGARDING WILLFUL INFRINGEMENT**

20. Pure Hemp admits that it sells a range of wellness products, but denies the remaining allegations in paragraph 20 of the Complaint.

21. Pure Hemp admits that it sells its products through its own website and through other retailers, but denies the remaining allegations in paragraph 21 of the Complaint.

22. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 22 of the Complaint. On that basis, the allegations contained in paragraph 22 of the Complaint are denied. Pure Hemp denies that it infringes or has infringed any valid, enforceable patent claim.

23. Pure Hemp is without sufficient information to confirm or deny the allegations contained in paragraph 23 of the Complaint. On that basis, the allegations contained in paragraph 23 of the Complaint are denied. Pure Hemp denies that it infringes or has infringed any valid, enforceable patent claim.

24. Pure Hemp denies the allegations in paragraph 24, and specifically denies that it infringes or has infringed any valid, enforceable patent claim.

## RESPONSE TO ALLEGATIONS REGARDING COUNT I

25. Pure Hemp states that no response is believed to be required. To the extent a response is required, Pure Hemp denies the allegations in paragraph 25 of the Complaint.

26. Pure Hemp states that paragraph 26 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 26 of the Complaint.

27. Pure Hemp states that paragraph 27 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 27 of the Complaint.

28. Pure Hemp states that paragraph 28 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 28 of the Complaint.

29. Pure Hemp states that paragraph 29 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 29 of the Complaint.

30. Pure Hemp states that paragraph 30 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 31 of the Complaint.

31. Pure Hemp states that paragraph 31 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 31 of the Complaint.

32. Pure Hemp states that paragraph 32 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 32 of the Complaint.

33. Pure Hemp states that paragraph 33 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 33 of the Complaint.

34. Pure Hemp states that paragraph 34 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 34 of the Complaint.

35. Pure Hemp states that paragraph 35 contains purely legal conclusions that do not require a response. To the extent a response is required, Pure Hemp denies the allegations in paragraph 35 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

In response to the Prayer for Relief section of the Complaint, Pure Hemp denies that UCANN is entitled to any of the relief sought in the Complaint.

## **DEFENDANT'S STATEMENT OF FACTS**

36. Claim 10 of the '911 Patent, which UCANN specifically cited in the Complaint, reads as follows: "A liquid cannabinoid formulation, wherein at least 95% of the total cannabinoids is cannabidiol (CBD)."

37. Substantially pure liquid CBD products are ubiquitous in the cannabis product marketplace. In fact, many states include statutory limitations on the amounts of cannabinoids that can be present in cannabinoid preparations sold within the state. For example, and not by way of limitation, South Carolina defines "cannabidiol" as follows: "a finished preparation containing, of its total cannabinoid content, at least 98 percent cannabidiol and not more than 0.90 percent tetrahydrocannabinol by volume that has been extracted from marijuana or synthesized in a laboratory." S.C. Code Ann. § 44-53-1810(3) (West).

38. According to one source, the structure and stereochemistry of CBD were elucidated in Raphael Mechoulam's lab in 1963, when it was isolated from cannabis, and subsequently synthesized in 1964. *See* Roger G. Pertwee, *Cannabinoid pharmacology: the first 66 years*, 147 British Journal of Pharmacology S163-S171 (2006).

39. Pharmacological experiments with single cannabinoids have been carried out since the 1940s. *See id*.

40. On December 8, 1942, the United States Patent Office granted U.S. Patent No. 2,304,669, titled <u>Isolation of Cannabidiol</u> (the '669 Patent). The '669 Patent states that "from the extracts of hemp (*Cannabis sativa* or *Cannabis indicia*) a red viscous oil can be obtained, commonly known as red oil, from which a pure crystalline compound, cannabidiol, can be isolated."

41. Since at least October 2011, Echo Pharmaceuticals B.V. has been offering for sale a 99% pure CBD liquid formulation. (See Exhibit A – Wayback Machine Archive from Echo Pharmaceuticals website in October 2011.)

42. On its website in October 2011, Echo Pharmaceuticals stated as follows: "We extract and purify the cannabinoids from *Cannabis sativa L.* via proprietary knowledge under controlled laboratory conditions, assuring the quality of the purified cannabinoids." *Id.*

43. Since at least September 2012, Tocris Bioscience has offered for sale 98% pure CBD preparations. (See Exhibit B – Wayback Machine Archive from Tocris Bioscience website in September 2012.) Tocris Bioscience notes that CBD is soluble in ethanol.

44. Since at least April 2013, Sigma-Aldrich has offered for sale a 98.5% pure CBD in liquid formulation. (See Exhibit C – Wayback Machine Archive from Sigma-Aldrich website in April 2013.)

45. The prior art contains numerous references to scientific studies performed using isolated CBD in liquid formulations that predate the earliest priority date for the '911 Patent. For example, the U.S. National Library of Medicine describes a study carried out between January 2010 and September 2012 that investigated whether "cannabidiol given in drops of olive oil sub lingual 5 mg twice daily" would have any effect on inflammatory bowel diseases (IBD). (See https://clinicaltrials.gov/ct2/show/NCT01037322)

46. Given the allegations in the Complaint that UCANN, through its executives, have been involved with medical cannabis for almost two decades, UCANN and its

executives know or should know that substantially pure CBD liquid compositions were not invented in this millennium, let alone in 2014, and were on sale and in use years before the earliest priority date of the '911 Patent.

47. There are also numerous scientific journal articles and other publications, dated years before the earliest priority date of the '911 Patent, that discuss the terpenes found in cannabis, and the synergistic interactions between terpenes and cannabinoids, such as CBD.

48. UCANN and its executives also know or should know that the idea of combining cannabis terpenes with cannabinoids, both of which are found together naturally in the cannabis plant, was not new in 2014 when the '911 Patent application was filed.

49. Claim 10 of the '911 Patent, and most or all of its dependent claims, are directed to isolated products of nature. The Complaint admits that cannabinoids, including CBD, "occur naturally in the cannabis plant." The Complaint also admits that the '911 Patent is "primarily directed to various liquid formulations of highly enriched extracts of plant cannabinoids." The terpenes and flavonoids referenced in claims that depend on claim 10 are also compounds that occur naturally, along with cannabinoids, in the cannabis plant.

50. Under the Supreme Court's binding decision in *Molecular Pathology v. Myriad Genetics*, claims directed to isolated, naturally occurring compounds do not qualify as patentable subject matter under 35 USC § 101. *See Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 133 S. Ct. 2107 (2013).

9

51. UCANN and its executives also know or should know that isolated products of nature are not patentable subject matter, under binding Supreme Court precedent, including the *Myriad* decision, which predates the '911 Patent's earliest priority date.

52. As evidenced by the filing of the Complaint, UCANN is intentionally asserting patent claims that are clearly invalid, which is an unreasonable and bad faith restraint on trade.

53. Further, on April 17, 2018, UCANN hired a patent attorney, Jesus M. Vazquez, as its Vice President and General Counsel.

54. Earnest Blackmon, CEO of UCANN, stated that Mr. Vazquez was hired to "monetize these intellectual property assets" – referring to the '911 Patent. *See* https://www.marketscreener.com/UNITED-CANNABIS-CORP-16481765/news/United-Cannabis-Jes-s-V-zquez-Intellectual-Property-Attorney-Joins-United-Cannabis-Corp-As-Vice-26368384/

55. Given the extreme breadth of the '911 Patent claims, especially claim 10, it can be inferred that UCANN's intent is to attempt to monopolize the market for liquid CBD products through widespread use of patent infringement lawsuits against virtually any company in the liquid CBD supply chain. Pure Hemp just happens to be the first victim of the scheme.

56. Claim 10 is so broad, in fact, that UCANN could likely attempt to assert it against (1) any farmer growing high-CBD chemovar cannabis who knows the cannabis will be used to make liquid formulations, (2) any midstream processor of high-CBD chemovar cannabis, (3) any producer of liquid CBD products, (4) any seller or reseller of liquid CBD products, (5) any purchaser of liquid CBD products, or (6) any user of liquid

CBD products. Any such attempt would be objectively baseless because claim 10 is clearly invalid.

57. By specifically referencing claim 10 in the Complaint, UCANN has signaled to the cannabis industry that it can and will attempt to monopolize the entire supply chain and market for liquid CBD products.

58. In fact, upon information and belief, UCANN has sent numerous letters to competitors accusing them of infringing the '911 Patent.

59. UCANN's bad faith conduct has already caused and is continuing to cause significant damages to the business of Pure Hemp, including causing Pure Hemp to incur substantial attorneys' fees.

## **AFFIRMATIVE DEFENSES**

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Pure Hemp asserts the following affirmative and other defenses in response to the allegations in the Complaint. Pure Hemp specifically reserves the right to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## **FIRST AFFIRMATIVE DEFENSE**
(INVALIDITY OF CLAIMS AS LACKING NOVELTY OR OBVIOUS)

60. The claims of the '911 Patent are anticipated under 35 U.S.C. § 102 or rendered obvious under 35 U.S.C. § 103 by a body of prior art that stretches back more than 50 years.

## **SECOND AFFIRMATIVE DEFENSE**
(INVALIDITY OF CLAIMS AS PATENT-INELIGIBLE SUBJECT MATTER)

61. The claims of the '911 Patent are patent-ineligible subject matter under 35 U.S.C. § 101 because they are directed to natural phenomena.

### THIRD AFFIRMATIVE DEFENSE
(INVALIDITY OF CLAIMS DUE TO LACK OF ENABLEMENT)

62. All claims of the '911 Patent that could possibly be asserted against Pure Hemp are not enabled by the original specification, as required under 35 U.S.C. § 112.

### FOURTH AFFIRMATIVE DEFENSE
(INVALIDITY OF CLAIMS DUE TO LACK OF ADEQUATE WRITTEN DESCRIPTION)

63. All claims of the '911 Patent that could possibly be asserted against Pure Hemp are not adequately described in the original specification, as required under 35 U.S.C. § 112.

### FIFTH AFFIRMATIVE DEFENSE
(INVALIDITY OF CLAIMS DUE TO FAILURE TO COMPLY WITH 35 U.S.C. § 112)

64. Claims of the '911 Patent are invalid for failure to comply with 35 U.S.C. § 112.

### SIXTH AFFIRMATIVE DEFENSE
(NON-INFRINGEMENT)

65. Pure Hemp does not infringe and has not infringed, in any way, any valid, enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise. At a minimum, the accused products do not include all the limitations of any valid, enforceable claim of the patents-in-suit.

### SEVENTH AFFIRMATIVE DEFENSE
(NO WILLFUL INFRINGEMENT)

66. Any alleged infringement by Pure Hemp could not be willful under UCANN's allegations because Pure Hemp has not and does not infringe the patents-in-

12

suit and because Pure Hemp lacks (and lacked) any intent to infringe or cause infringement.

## RESERVATION OF AFFIRMATIVE DEFENSES

Pure Hemp reserves the right to assert additional affirmative defenses, including the defense of invalidity or unenforceability due to inequitable conduct, upon the discovery of facts not presently known.

## COUNTERCLAIMS

### COUNT I – SHERMAN ACT § 2 ANTI-TRUST (SHAM LITIGATION)

67. Claim 10 of the '911 Patent, if read literally, would preclude any competitor from making, selling, using or importing a liquid composition wherein at least 95% of the cannabinoids are CBD, even though such liquid compositions were already available on the market for years before the '911 Patent application was filed.

68. UCANN willfully acquired this monopoly power by obtaining a patent claim that has no chance of surviving a validity challenge in court or before the United States Patent Office.

69. This lawsuit is objectively baseless because, at a minimum, claim 10 of the '911 Patent cannot survive a validity challenge.

70. The demand letters sent by UCANN to competitors and its public statements regarding its intent to enforce the '911 Patent comprise additional acts that, when combined with the present single lawsuit, evidence UCANN's intent to monopolize the market for liquid CBD products.

71. UCANN's filing and publicity of this lawsuit has already damaged relationships between Pure Hemp on the one hand, and Pure Hemp's suppliers,

customers, retailers and affiliates on the other. This lawsuit has also required Pure Hemp to incur substantial attorneys' fees.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

72. UCANN claims to be the exclusive owner of all rights, title and interest in the '911 Patent.

73. UCANN alleges in the Complaint that Pure Hemp infringes one or more claims of the '911 Patent.

74. Pure Hemp is not infringing, has not infringed, and is not liable for any infringement, of any valid claim of the '911 Patent, and UCANN is not entitled to any relief for any such claim of infringement against Pure Hemp.

75. Accordingly, there is an actual case or controversy over Pure Hemp's non-infringement of the' 911 Patent and Pure Hemp asks the Court to declare that the '911 Patent is not infringed by Pure Hemp.

## COUNT III – DECLARATORY JUDGMENT OF INVALIDITY

76. UCANN claims to be the exclusive owner of all rights, title and interest in the '911 Patent.

77. UCANN alleges in the Complaint that the '911 Patent is valid and that Pure Hemp infringes one or more claims of the '911 Patent.

78. The claims of the '911 Patent are invalid, at least, for being directed to unpatentable subject matter under 35 U.S.C. § 101, for being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or failure to comply with the requirements of 35 U.S.C. § 112.

79. Accordingly, there is an actual case or controversy concerning the validity of the '911 Patent and Pure Hemp asks the Court to declare that the '911 Patent is invalid.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Pure Hemp demands a trial by jury of all issues from this Answer and Counterclaim that are triable by a jury.

## **PURE HEMP'S PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth above, Pure Hemp respectfully requests that the Court enter judgment for Pure Hemp and against UCANN as follows:

    a.    That UCANN's Complaint be dismissed with prejudice and that UCANN take nothing by way of this action;

    b.    For entry of an order declaring the patent-in-suit invalid;

    c.    For entry of an order declaring the patent-in-suit not infringed by Pure Hemp;

    d.    That judgment be entered in favor of Pure Hemp against UCANN on UCANN's Complaint;

    e.    That this be declared an exceptional case;

    f.    That UCANN be required to pay Pure Hemp's attorneys' fees;

    g.    That UCANN be required to pay Pure Hemp's costs of suit;

    h.    That Pure Hemp be awarded actual damages, treble damages, and such other and further relief as the Court may deem proper and just.

Dated: November 5, 2018

Respectfully submitted,

Carstens & Cahoon, LLP

By: /s/ James R. Gourley
James R. Gourley
CARSTENS & CAHOON, LLP
13760 Noel Road, Suite 900
Dallas, Texas 75240
Tel: (972) 367-2001
Email: gourley@cclaw.com

HUNSAKER | EMMI, P.C.
By: /s/ Donald T. Emmi
Donald T. Emmi, Reg. #38983
1707 Cole Blvd, Suite 210
Golden, Colorado 80401
Tel: (303) 456-5116
Email: donnie@helegal.com

*Attorneys for Pure Hemp Collective, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5 day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

United Cannabis Corp:

    oarmon@cooley.com
    mzambarda@cooley.com

Pure Hemp Collective, Inc.

James Gourley (gourley@cclaw.com)

                                                       /s/ William J. Hunsaker, Jr.
                                                       Paralegal