**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01922-WJM-NYW

UNITED CANNABIS CORPORATION,

    Plaintiff,

v.

PURE HEMP COLLECTIVE INC.,

    Defendant.

_____

**ORDER ON MOTION TO CORRECT U.S. PATENT NO. 9,730,911**
_____

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff United Cannabis Corporation's ("UCANN" or "Plaintiff") Motion to Correct Claim 31 of U.S. Patent No. 9,730,911 ("the Motion to Correct" or "the Motion") [#35, filed December 31, 2018]. The Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 24, 2018 [#12], and the Memorandum dated January 4, 2019 [#37]. Defendant Pure Hemp Collective Inc. ("Pure Hemp" or "Defendant") filed a Response in opposition on January 18 [#42] and UCANN filed a Reply on February 1 [#45]. The matter is now ripe and ready for decision. For the reasons stated in this Order, the Motion to Correct is **DENIED**.

**PROCEDURAL BACKGROUND**

    UCANN filed this case on July 30, 2018 [#1], asserting that Pure Hemp was infringing U.S. Patent No. 9,730,911 ("the '911 Patent") which covers "various liquid formations of highly enriched extracts of plant cannabinoids." [*Id.* at 1]. Pure Hemp answered and asserted several affirmative defenses and a counter-claim under the Sherman Antitrust Act. [#21]. Pure Hemp

then served Defendant's Early Motion for Partial Summary Judgment ("Motion for Partial Summary Judgment") on November 29 [#32]. In the Motion for Partial Summary Judgment, as relevant here, Pure Hemp claims that Claim 31 of the '911 Patent is invalid because "it is a multiple dependent claim that improperly depends on another multiple dependent claim." [#32 at 1, 12–15]. In full, Claim 31 of the '911 Patent claims: "The formulation of any one of the proceeding claims, wherein the formulation is infused in a medium chain triglyceride (MCT)." [#35-2 at 12]. In response to this argument, UCANN filed the instant Motion to Correct Claim 31 of U.S. Patent No. 9,730,911 [#35], in addition to a substantive response in its Response [#36].

The Motion to Correct seeks to modify Claim 31 by replacing "<u>proceeding</u> claims" with "<u>preceding</u> claims," arguing that the former construction is simply an error the court may correct in litigation. This mirrors the argument in UCANN's Response to the Motion for Partial Summary Judgment. [*Id.* at 18–20]. Pure Hemp opposes such correction because the change UCANN seeks is not the sort of limited, obvious typographical correction properly corrected by the court in litigation. *See generally* [#42].

## LEGAL STANDARD

It is axiomatic that district courts can order the correction of inadvertent typos, mistakes, or oversights in patents issued by the United States Patent and Trademark Office ("PTO"). In *I.T.S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429, 442 (1926), the Supreme Court affirmed "the finding of the District Judge that the omission of [a word in the patent] was through a clerical error due to oversight and that both the counsel for the applicant and the examiner understood that it was contained in [the claims at issue]." Although Congress has since provided specific statutory remedies for typos and similar errors by both the patentee and the PTO itself,

35 U.S.C. §§ 254, 255, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has held that *Essex* remains available and a trial court has a limited authority to order correction of "certain obvious errors." *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356 (Fed. Cir. 2003).

But a court, even when faced with a "nonsensical result," may not "redraft claims, whether to make them operable or to sustain their validity." *Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004). In this vein, a trial court can correct obvious errors in patent claims "only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Indus.*, 350 F.3d at 1357; *see also Group One Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) (district court can correct an error if evident from face of patent). When considering the obviousness of the error and the proffered correction, the court must consider the matter form the point of view of one skilled in the art. *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1353 (Fed. Cir. 2009) (holding that while an ordinary person might not know to insert a comma between two symbols in a chemical formula, one skilled in the art of would because the chemical formula as read without the comma does not exist).

The error in the patent must be obvious from an examination of the face of the patent, and the correct interpretation must be obvious as well, otherwise a district court lacks the authority to correct the patent and the patentee must seek correction from the PTO. *See Group One*, 407 F.3d at 1303 ("[O]ne cannot discern what language is missing simply by reading the patent. The district court does not have authority to correct the patent in such circumstances."); *Dealertrack, Inc. v. Huber*, No. CV 06-2335 AG (FMOX), 2008 WL 11337838, at *3 (C.D. Cal. July 21,

3

2008) (declining correction because "although the fact of an error is apparent from the face of the patent, the nature of the required correction is not apparent.").

## ANALYSIS

The court begins by considering what constitutes errors within patent claims subject to court correction. Then the court examines the various constructions offered for Claim 31 from the perspective of a person of ordinary skill in the art. Upon analysis, although the court acknowledges that the use of the word "proceeding" may be an error in Claim 31, the court declines to order correction because the error is not obvious from the face of the '911 Patent and the proffered correction is not obvious and indisputable.

***Essex.*** In *Essex*, the United States Supreme Court made clear that errors subject to court correction are mistakes which are obvious because the claim is fundamentally illogical or impossible to construct when read without correction. For example, in *Ultimax Cement* the error involved an omitted comma in the chemical formula $C_9S_3S_3Ca(f\ cl)_2$ between the symbols for fluorine (f) and chlorine (cl). *Ultimax Cement*, 587 F.3d at 1353. A person of ordinary skill in the art would know that the formula, as written without the comma, "corresponds to no known mineral," and so must be corrected in the only logical manner—adding a comma. *Id.*

The Federal Circuit corrected a similar error in *CBT Flint Partners, LLC v. Return Path, Inc.*, 654 F.3d 1353, 1359 (Fed. Cir. 2011), where the claim at issue read, "the computer being programmed to <u>detect analyze</u> the electronic mail communication sent by the sending party to determine whether or not the sending party is an authorized sending party or an unauthorized sending party. (emphasis added)." The district court declined to correct the "detect analyze" mistake because it found there to be multiple possible solutions—deleting the word "detect," deleting the word "analyze," or adding the word "and." *Id.* at 1358. On appeal, the Federal

4

Circuit noted the logical necessity of "analyzing" in conjunction with "detecting" (and vice versa) and held that the only reasonable solution to this obvious grammatical mistake was to add the word "and," a solution that was "confirmed by the fact that the specification indicates that is the proper meaning of the claim." *Id.* at 1359 (citing and reproducing the specification chart). Therefore, correction was proper because the error was obvious as a simple matter of grammar and common English construction, and there was only one logical solution to correct the mistake.

Finally, in *Senju Pharmaceuticals Co. v. Lupin Ltd.*, 162 F. Supp. 3d 405 (D.N.J. 2015), the district court corrected an obviously erroneous citation to the wrong standard. The patent at issue read "satisfies the preservative efficacy standard of US Pharmacopoeia as follows [various bacteria strains and cell counts]." *Id.* at 421. The reference to US Pharmacopoeia makes sense in context to a lay person, but the district court found that the standards recited in fact reflected the similar-but-distinct "preservative efficacy standard of EP-criteria B of the European Pharmacopoeia." *Id.* at 422. The court found this was an obvious error in context of the other patents at issue in the case and the overall prosecution history; all other patents referred to the European Pharmacopoeia standard, which was the standard actually recited in the patent, which was obvious to one of ordinary skill in the art. *Id.* The error was obvious, and the solution beyond argument.

Thus, a court has authority to correct a patent claim when the error is one that an ordinary person skilled in the relevant art would find to be both apparent from the face of the patent and subject to only one arguable correction. Not all errors, not even all obvious errors, qualify; rather court correction represents a narrow and limited form of court remediation for "obvious minor typographical and clerical errors in patents." *Novo Indus.*, 350 F.3d at 1357. The court now turns to the "proceeding" versus "preceding" issue arising from the '911 Patent.

5

*Application.*   As written, Claim 31 provides, "The formulation of any one of the <u>proceeding</u> claims, wherein the formulation is infused in a medium chain triglyceride (MCT)." [#35-2 at 12 (emphasis added)]. UCANN urges that this is an obvious error for several reasons. *See generally* [#35]. First, UCANN's counsel in the patent prosecution process attests to such error. [#35-1 at ¶ 4]. Second, adopting "proceeding" would be in violation of 35 U.S.C. § 112(d), which governs claims set forth in the dependent form and limits such references to those claims "previously set forth." [#35 at 3]. Obviously, UCANN did not intend such a basic violation of patent prosecution rules. [*Id.* at 5].

Additionally, reading "proceeding" leads to a circular result. Claim 32 explicitly refers to Claim 31, which provides "The formulation of Claim 31, wherein the MCT is NEOBEE 895." [#35-2 at 12; #35 at 4]. The result is now circular, Claim 31 refers to proceeding claims where the formulation is infused in an MCT, and Claim 32 refers to Claim 31 when the MCT is NEOBEE 895. [#35 at 4 ("[I]t would be nonsensical and circular for Claim 31 to depend from a claim that depends from it.")]. In its Reply, UCANN elaborates on this argument, arguing that the prosecution history reveals that what is now Claim 32 was the only Claim that followed what is now Claim 31, and because Claim 32 already depends on Claim 31 by its own terms, it is clear that proceeding must be read as preceding. [#45 at 5–7]. Indeed, the specific references to other Claims in Claims 32 to 36 should be taken as express rejections of dependence on other claims, and therefore forward incorporation in Claim 31 is illogical and impossible. [*Id.* at 7].

Pure Hemp counters that the error is not evident from the face of the patent because one skilled in the art would simply read "proceeding" to refer to those claims which follow it, and there are indeed several claims following Claim 31 in the '911 patent. [#42 at 2–3]. In fact, one could easily and reasonably read Claims 31–36 as relating and referring to refer to MCTs and

NEOBEE 895, while Claim 32 explicitly depends on Claim 31, there is no such circular duplication for the remaining claims. [*Id.* at 3]. Further, the standard of an error that is obvious from the face of the complaint to one of ordinary skill in the art, and non-compliance with legal rules against forward reliance under § 112(d) is not something that one who is of ordinary skill in the art would be aware of. [*Id.* at 4].

The court is not convinced that the use of "proceeding" in Claim 31 is an error subject to judicial correction. First, the court reviews the error from the perspective of one skilled in the art. As in *Ultimax Cement* and *Senju Pharmaceuticals*, the court would be aware of technical incongruities or chemical impossibilities a lay person would not. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005); *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1477 (Fed. Cir. 1998). But this standard does not assume any knowledge of the law or the procedure of patent prosecution. *See Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007) (listing factors to determine ordinary skill in the art). The fact that the use of "proceeding" would be impermissible forward reference under § 112(d) is not the sort of facial defect that is apparent to person skilled in the art from the face of the patent. Similarly, the fact that the prosecuting attorney now admits her mistake is not apparent from the face of the patent. *Novo Indus.*, 350 F.3d at 1357 ("The present case does not fall within the ambit of the district court's authority, for the nature of the error is not apparent from the face of the patent."). These factors are disregarded as irrelevant to the proper legal standard.

What is apparent from the face of the patent is that UCANN is correct in pointing out that reading the claims as drafted leads to a circular sequence where Claim 31 refers to Claim 32 (along with Claims 33-36), and Claim 32 refers to Claim 31 again. But this appears to be just poor drafting, rather than a physical impossibility, *Ultimax Cement*, or a simple mislabeling of an

undisputed scientific definition, *Senju Pharmaceuticals*. Putting aside its arguments regarding patent claim drafting, UCANN does not argue, and the court does not find, that, as applied, Claim 31 creates more than awkward wording to someone of ordinary skill in the art.

As written, Claim 31 applies to formulations infused in a medium chain triglyceride ("MCT"). Claim 32 applies when the MCT is NEOBEE 895. This is duplicative, but not impossible or illogical. Claim 33 applies to several preceding claims formulated for oral, sublingual, buccal, or topical administration, and Claim 34 applies when the Claim 33 sublingual formulation further comprises a sweetener. There is nothing illogical or impossible about reading Claim 31 to apply to these Claims; there is no indication that buccal administration of a stevia-sweetened, lemon oil formula of liquid cannabinoid wherein at least 95% of the total cannabinoids is liquid tetrahydrocannabinolic acid is incompatible with infusion in a medium chain triglyceride like NEOBEE 895 in a manner apparent to one skilled in the art (Claims 1, 31, 32, 33, 34, 35, 36). There is no indication based on the record before the court that a person skilled in the art would read the '911 patent as written and necessarily come away with anything more than a sense that the final few claims were perhaps worded awkwardly.

Further, the proffered correction is certainly plausible but it is not the only possible or reasonable solution. UCANN states that "preceding" should replace "proceeding" as the more natural English term and the term which best solves the above problems. But the correction needs to be clear and obvious beyond good faith argument, and the court cannot conclude that Plaintiff's simple word swap is the only possible solution. If a person skilled in the art read the '911 Patent and found an obvious error in the use of the word "proceeding," there is nothing that would then necessarily lead her to conclude that "preceding" is the only solution. The proper term could as easily be a specific enumeration of claims, as is the case in Claim 33 which lists

Claims 1, 5, 10, 16, 20, and 25. [#35-2]. UCANN's argument that "it is unreasonable to argue, as Pure Hemp has, that Claim 31 could possibly depend on any of Claims 32-36" because "express language of the remaining claims in the '911 patent [Claims 33-36] expressly reference *other* claims and *exclude* Claim 31" [#45 at 7 (emphasis added)] is not persuasive. For instance, whether one reads Claim 31 as "proceeding" or "preceding," Claims 33 through 36 references particular claims, and arguably, the patentee could be limiting Claim 31 as to those specifically identified claims. This point is not persuasive either way.

Finally, the court notes that it is not relying on the patent prosecution history, despite the Parties' extensive reliance on the same. The Federal Circuit's decisions in *Novo Industries* and *Ultimax Cement* provide that an error is subject to judicial correction if (1) the error is obvious from the face of the patent to an observer of ordinary skill in the art, (2) the correction is not subject to reasonable debate, and (3) the prosecution history does not suggest a different interpretation of the claim(s). *Ultimax Cement*, 587 F.3d at 1352–53; *Novo Indus.*, 350 F.3d at 1357. Because the alleged error in Claim 31 fails both the first two prongs, the court need not consider the prosecution history in this Order.

In short, the court is not convinced that this is the type of facially obvious, minor typographical error with a simple, obvious correction as required for judicial correction. Rather, to the extent the patentee seeks correction, the appropriate course appears to be to seek relief before the United States Patent and Trademark Office.

## CONCLUSION

For the forgoing reasons, **IT IS ORDERED** that:

(1)  Plaintiff United Cannabis Corporation's Motion to Correct Claim 31 of U.S. Patent No. 9,730,911 [#35] is **DENIED**.

DATED:  February 19, 2019                                     BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge