IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1922-WJM-NYW

UNITED CANNABIS CORPORATION, a Colorado Corporation,

    Plaintiff,

v.

PURE HEMP COLLECTIVE INC., a Colorado Corporation,

    Defendant.

## ORDER DENYING DEFENDANT PURE HEMP COLLECTIVE INC.'S MOTION FOR ATTORNEY'S FEES

Before the Court is Defendant Pure Hemp Collective Inc.'s Motion for Attorney's Fees ("Motion"), in which Defendant asks the Court to award its attorney's fees of $298,567.60 against Plaintiff United Cannabis Corporation and Plaintiff's counsel, Cooley LLP, jointly and severally. (ECF No. 91 at 1, 3.)

Defendant argues that the Court should award attorney's fees and costs pursuant to 35 U.S.C. § 285. (*Id.* at 8.) Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014) (defining an "exceptional" case as one "that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated"). District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Id.*

Defendant also invokes 28 U.S.C. § 1927 and this Court's inherent authority in support of its request for attorney's fees and costs. (ECF No. 91 at 1, 9.) Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Given this statutory language, "[a] court may assess attorney[s'] fees against an attorney under § 1927 if (a) the actions of the attorney multiply the proceedings, and (b) the attorney's actions are vexatious and unreasonable." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000). Ultimately, whether to award § 1927 sanctions is a matter committed to this Court's discretion. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278–79 (10th Cir. 2005). Likewise, a court has the inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991).

The Court has fully considered all of the parties' arguments regarding Defendant's request for attorney's fees and costs. (ECF Nos. 91, 93, 94, 95.) Ultimately, the Court finds that Defendant has failed to establish that it is the prevailing party under section 285, that this is an "exceptional" case warranting an attorney's fee award, or that Plaintiff's counsel has acted in a vexatious or otherwise unreasonable manner. In making this determination, the Court notes that the parties stipulated to dismissal of this case *before* many of the factual disputes Defendant cites were adjudicated on the merits. (ECF No. 91.) The record on the substantive merits and the materiality of Plaintiff's purportedly inequitable conduct is woefully undeveloped, and as

such, does not paint a persuasive picture for awarding fees.[1]  Accordingly, the Court denies Defendant's request for attorney's fees pursuant to section 285, section 1927, or the Court's inherent authority.

For the reasons set forth above, the Court ORDERS that Defendant Pure Hemp Collective Inc.'s Motion for Attorney's Fees (ECF No. 91) is DENIED.

Dated this 22nd day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] Moreover, Defendant's arguments regarding the strength of its litigating position are belied by the fact that the Court denied Defendant's Early Motion for Partial Summary Judgment.  (ECF No. 56.)